# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| LONE STAR TECHNOLOGICAL INNOVATIONS, LLC, § § § | |
| Plaintiff, § | Civil Action No. |
| § | |
| v. § | **JURY TRIAL DEMANDED** |
| § | |
| NEC Corporation, § | |
| § | |
| Defendant. § | |
| § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Lone Star Technological Innovations, LLC ("Lone Star" or "Plaintiff"), by and through its attorneys, for its Complaint against NEC Corporation ("NEC" or "Defendant"), hereby alleges as follows:

### I. NATURE OF THE ACTION

1. This is a patent infringement action to end Defendant's unauthorized manufacturing, provisioning, use, sale, offering for sale, importation and/or distribution of infringing methods and products incorporating Plaintiff's patented inventions.

2. Lone Star is owner of all right, title, and interest in and to United States Patent No. 6,724,435 (the "'435 Patent"), issued April 20, 2004, for "Method For Independently Controlling Hue or Saturation of Individual Colors in a Real Time Digital Video Image."

CONFIDENTIAL

3. Lone Star is owner of all right, title, and interest in and to United States Patent No. 6,122,012 (the "'012 Patent"), issued September 19, 2000, for "Method of Selective Control of Digital Video Images."

4. Defendant manufactures, provides, uses, sells, offers for sale, imports, and/or distributes infringing products and services; and/or induces others to make and use its products and services in an infringing manner, including its customers, who directly infringe the '435 Patent and the '012 Patent ("Patents-in-Suit").

5. Plaintiff Lone Star seeks monetary damages and prejudgment interest for Defendant's past infringement of the Patents-in-Suit.

## II. THE PARTIES

6. Plaintiff Lone Star is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

7. Upon information and belief, NEC Corporation is a Japanese corporation with its principal place of business located a 7-1, Shiba 5-chrome, Minato-ku, Tokyo 108- 8001, Japan where it may be served with process. NEC Corporation does business within the State of Texas and this District.

## III. JURISDICTION AND VENUE

8. This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 283, 284, and 285. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§1331 and 1338(a).

9. This Court has personal jurisdiction over Defendant because it has committed acts giving rise to this action within Texas and within this judicial district. The Court's exercise of

CONFIDENTIAL

jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice because Defendant has established minimum contacts with the forum with respect to both general and specific jurisdiction. Upon information and belief, Defendant transacts substantial business in the State of Texas and this Judicial District. For example, Defendant has committed acts of infringement in this District, by among others things, offering to sell and selling products that infringe the asserted patents, including the accused devices as alleged herein, as well as providing service and support to Defendant's customers in this District.

10. Venue in the Eastern District of Texas is proper pursuant to 28 U.S.C. §§ 1391 (b), (c) and 1400(b) because Defendant is a foreign corporation not incorporated in the United States and has committed acts within this judicial district giving rise to this action, and Defendant continues to conduct business in this judicial district, including one or more acts of selling, using, importing and/or offering for sale infringing products or providing service and support to Defendant's customers in this District.

## IV. PLAINTIFF'S '435 PATENT AND '012 PATENT

11. The Patents-in-Suit disclose systems and methods for controlling individual color saturation and/or hue of a digital video input image. The '435 Patent discloses independently controlling hue or saturation of individual colors by identifying input image pixels requiring adjustment and separately evaluating independent control functions for hue or saturation to form corresponding output image pixels with the desired hue or saturation. The '012 Patent teaches a method of changing the saturation of an individual color in a digital video image without affecting changes to other colors using a lookup table.

12. Lone Star has obtained all substantial right and interest to the Patents-in-Suit, including all rights to recover for all past and future infringements thereof.

## VI. DEFENDANT'S ACTS

ORIGINAL COMPLAINT

3

13. Defendant manufactures, provides, sells, offers for sale, and/or distributes infringing devices, including televisions, projectors, monitors, commercial displays, medical displays and/or other video displays. Such devices include, but are not limited to the MDC212C2 professional display, the NP-PX602WL-WH advanced projector, the PA243W monitor, the V554 LCD display , and all other substantially similar products ("NEC Accused Products").

14. Based on information and belief, Defendant's infringing devices contain hardware components (*e.g.* the display screen/output image, an internal processor and OSD (on-screen display)) and software components (*e.g.* firmware instructions) which specifically provide the ability to change the hue and/or saturation of an individual color in the output image. Upon information and belief, Defendant's manufacture, sale, offer for sale, and/or distribution of devices that selectively change the hue and/or saturation of an individual color in the output image in an infringing manner directly infringe one or more claims of the '435 and '012 patents, including by way of example only, claim 1 of the '435 patent.

15. Based on information and belief, Defendant has jointly infringed the Patents-in-Suit by directing and/or controlling other parties, including through a contractual relationship. Upon information and belief, Defendant contracts and/or enters into agreements with other parties concerning the operation and use of infringing devices and functionality within this jurisdiction and elsewhere. Upon information and belief, Defendant's contracts and agreements enable Defendant to direct and/or control the infringing conduct of the third parties.

16. Defendant has had knowledge of the Patents-in-Suit at least as early as December 8, 2017, when Defendant was sent written pre-suit notice of Plaintiff's rights in the Patents-in-Suit. Thus, upon information and belief, Defendant has had notice and actual or constructive knowledge of the Patents-in-Suit at least since then.  Additionally, Defendant has had knowledge of the Patents

in-Suit at least as early as the service of this Complaint. With knowledge of the Patents-in-Suit, Defendant intentionally provides services and instructions for the installation and infringing operation of infringing products (including, by way of example, the resources and materials available at http://www.necdisplay.com to the customers of its products, who directly infringe one of more claims of the '435 and '012 patents through the operation of those products as described below. Claims directly infringed by Defendant's customers and/or users include, by way of example only, claim 1 of the '435 patent and claim 1 of the '012 patent.

17.     Through its actions, Defendant has infringed the Patents-in-Suit and actively promoted and/or induced others to infringe the Patents-in-Suit throughout the United States, including by customers within the Eastern District of Texas.  On information and belief, Defendant induces its customers to infringe and contributes to the infringement of its customers by instructing or specifying that its customers operate NEC computer monitors, projectors, televisions, and displays in a manner to change the saturation and/or hue of individual colors through, for example, the product's OSD (on-screen display). Defendant specifies that the infringing products operate in an infringing manner by providing manuals and customer support related to its infringing products. Further, Defendant provides products specially configured to operate in an infringing manner, and Defendant's customers use Defendant's configurations to operate Defendant's products in an infringing manner.

18.     Defendant, with knowledge of the Patents-in-Suit, contributes to the infringement of the Patents-in-Suit, by having its direct and indirect customers sell, offer for sale, use, or import its televisions, projectors, monitors, commercial displays, medical displays and/or other video displays, including but not limited to the NEC Accused Products, as well as all other substantially similar products, with knowledge that such products infringe the Patents-in-Suit. Defendant's accused devices are especially made or adapted for infringing the Patents-in-Suit, and have no

CONFIDENTIAL

substantially non-infringing uses. For example, Defendant's products contain the functionality to specifically allow changes to the hue and/or saturation of an individual color – functionality which is material to practicing the Patents-in-Suit. Based on information and belief, this functionality has no substantially non-infringing uses.

19. Lone Star has been and will continue to suffer damages as a result of Defendant's infringing acts.

## COUNT ONE
## PATENT INFRINGEMENT—U.S. PATENT NO. 6,724,435

20. Plaintiff Lone Star realleges and incorporates herein paragraphs 1–19.

21. Defendant has directly infringed the '435 Patent.

22. Defendant has indirectly infringed the '435 Patent by inducing the infringement of the '435 Patent and contributing to the infringement of the '435 Patent.

23. Upon information and belief, Defendant has jointly infringed the '435 Patent, including by controlling and/or directing others to perform one or more of the claimed method steps.

24. Defendant's aforementioned acts have caused damage to Lone Star and will continue to do so.

## COUNT TWO
## PATENT INFRINGEMENT—U.S. PATENT NO. 6,122,012

25. Plaintiff Lone Star realleges and incorporates herein paragraphs 1–24.

26. Defendant has infringed the '012 Patent.

27. Defendant has indirectly infringed the '012 Patent by inducing the infringement of the '012 Patent and contributing to the infringement of the '012 Patent.

28. Upon information and belief, Defendant has jointly infringed the '012 Patent,

CONFIDENTIAL

including by controlling and/or directing others to perform one or more of the claimed method steps.

29. Defendant's aforementioned acts have caused damage to Lone Star and will continue to do so.

## VII.  JURY DEMAND

30. Plaintiff Lone Star hereby demands a jury on all issues so triable.

## VIII.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff Lone Star respectfully requests that the Court:

A. Enter judgment that Defendant infringes one or more claims of the '435 Patent and the '012 Patent literally and/or under the doctrine of equivalents;

B. Award Plaintiff Lone Star past and future damages together with prejudgment and post-judgment interest to compensate for the infringement by Defendant of the '435 Patent and the '012 Patent in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

C. Declare this case exceptional pursuant to 35 U.S.C. §285; and

D. Award Plaintiff Lone Star its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Respectfully submitted,

Dated: December 11, 2017

By: /s/ William M. Parrish
William M. Parrish
*Lead Attorney*
Texas State Bar No. 15540325
Minghui Yang
Texas State Bar No. 24091486
HARDY PARRISH YANG, LLP
Spicewood Business Center
4412 Spicewood Springs Rd.
Suite 202
Austin, Texas 78759

ORIGINAL COMPLAINT

CONFIDENTIAL

(512) 520-9407
bparrish@hpylegal.com
myang@hpylegal.com

John Saba
Texas State Bar No. 24037415
WITTLIFF | CUTTER | AUSTIN PLLC
1803 West Avenue
Austin, Texas 78701
(512) 960-4865
john@wittliffcutter.com

John Lee (admitted to E.D. Texas)
California State Bar No. 229911
BANIE & ISHIMOTO LLP
3705 Haven Ave. #137
Menlo Park, CA 94025
(650) 241-2771
(650) 241-2770 (Fax)
jlee@banishlaw.com

**ATTORNEYS FOR PLAINTIFF LONE STAR TECHNOLOGICAL INNOVATIONS, LLC**